**United States District Court**
**Southern District of Ohio**
**Western Division**

ZEN SEIFU,

    Plaintiff,

v.

POSTMASTER GENERAL,
U.S. POSTAL SERVICE,

    Defendant.

Case No: 1:19-cv-572

Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

Proceeding pro se and *in forma pauperis*, Plaintiff Zen Seifu initiated this action against her former employer, the U.S. Postal Service. In her complaint, Plaintiff alleges that her employer "engaged in unlawful employment discrimination by denying detail assignments, issuance of warning and 7-day suspension" and ultimately terminating her "based on Plaintiffs race, color, national origin, sex (Female), and based on her prior protected activity (i.e., her prior EEO complaint)." (Doc. 1 at 1). Defendant has filed a motion to dismiss Plaintiff's complaint for failure to state any claim. Plaintiff has filed a response in opposition to Defendant's motion, to which Defendant has filed no reply.

For the reasons stated, Defendant's motion is DENIED.[1]

**I.    Standard of Review**

Defendant's motion to dismiss has been filed under Rule 12(b)(6). In considering the motion, the Court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc.*

---

[1] The parties have consented to disposition by the undersigned magistrate judge. *See* 28 U.S.C. § 636(c).

*v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007). Under Rule 8, a claim for relief should be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. Rule 8(a)(2). Based upon the liberal pleading standards of Rule 8 and the standard of review, it is more common for cases to be disposed of on motions for summary judgment than for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6).

Even under the applicable liberal standard of review, however, a court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Commercial Money Ctr.*, 408 F.3d at 336. Thus, a motion to dismiss will be granted if a complaint lacks any legal basis for the claims, or if the facts alleged are so conclusory as to be insufficient to state any claim. "The complaint must not only include legal conclusions, but must make factual allegations, which are accepted as true to state a plausible claim for relief." *Smith v. Tipton County Board of Education*, 916 F.3d 548, 552 (6th Cir. 2019); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). While such determination rests primarily upon the allegations of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir. 1997)) (emphasis omitted).

2

**II.     Facts Alleged in the Complaint and Supplemental Complaint**

In her complaint, Plaintiff identifies her protected class as follows: "Plaintiff's race is Black. Plaintiff's color is Brown. Plaintiff's national origins are: Dominican Republic and Ethiopia. Plaintiffs Sex is Female." (Doc. 1 at ¶¶ 18-21). She alleges that she previously engaged in protected activity when she filed an EEO complaint in 2016 alleging discrimination based upon her race and gender regarding sexual harassment. (*Id.* at ¶22). Her complaint alleges discrimination based upon race, color, sex, national origin (Dominican Republic and Ethiopian), and retaliation based upon her 2016 EEO claims. (*Id.* at ¶23). She alleges she was discriminated against when she was denied unspecified details on unspecified dates in January, August, and December of 2016, and in February, August, September, November, and December of 2017. (*Id.* at ¶23(a)). She additionally alleges she was denied an unspecified detail on January 18, 2018. (*Id.* at ¶23(b)).

Plaintiff provides additional detail when she alleges that the following eight incidents also constitute discrimination and/or retaliation: (1) the failure of management to take "appropriate actions" or investigate an alleged assault on Plaintiff by a co-worker on January 5, 2018; (2) the January 22, 2018 receipt of a disciplinary "Letter of Warning"; (3) the issuance of a letter/notice for Plaintiff to report for an investigative interview on July 27, 2018; (4) an August 17, 2018 Notice of Suspension for 7 days for "unsatisfactory attendance/AWOL"; (5) the scheduling of a pre-disciplinary interview on September 7, 2018; (6) the March 6, 2019 issuance of a letter under the subject matter: "Inability to Perform the Duties of Your Position" warning that due to "regular absence from duty" Plaintiff "may be considered for removal."; (7) a March 18, 2019 notice informing Plaintiff she was being removed from her employment due to being on Leave Without Pay status

3

since January 11, 2018; (8) a Notice of Separation dated April 3, 2019. (Doc. 1, ¶23(c)-(h) and ¶23(j)-(k)).

Plaintiff's complaint contains an "Exhaustion of Administrative Remedies" section in which she alleges that she administratively exhausted her claims prior to initiating this lawsuit, as required under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Plaintiff alleges that she filed an EEO complaint on "January 30, 2018 and April 26, 2018" pertaining to the events in question, which she identifies as Agency Case Number IC-451-0034-18. (*Id.* at ¶24). After issuance of an investigative file pertaining to the complaint, Plaintiff requested a hearing before the Equal Employment Opportunity Commission. (*Id.* at ¶¶25-26). Plaintiff's complaint alleges that an order for an "initial status conference" was issued on April 22, 2019, and that Plaintiff moved to further amend her EEO complaint on June 5, 2019. (*Id.* at ¶¶27-28).

Because Plaintiff did not use the complaint form typically used by pro se litigants filing under Title VII in this district and did not include any reference to a Notice of her right to sue,[2] the undersigned directed her to clarify whether she had fully exhausted her administrative remedies upon initial screening under 28 U.S.C. § 1915(e)(2):

> The referenced allegations suggest that Plaintiff may not yet have fully exhausted her administrative remedies. The filing of a charge with the EEOC is not equivalent to the final disposition of that charge. In order to verify that Plaintiff's lawsuit is not premature, therefore, she will be required to supplement her complaint to identify the date she received a Notice of her right to sue.
>
> ACCORDINGLY, IT IS ORDERED:
> …

---

[2] That form, SD03 (Rev 9/97), explains that under 42 U.S.C. §2000e-5(f)(1), suit may be filed in federal court based on unlawful employment practices only if the plaintiff previously has filed a charge with the Ohio Civil Rights Commission and/or the Equal Employment Opportunity Commission. In order to ensure that the pro se plaintiff is entitled to file suit, the form explicitly requires the plaintiff to state the date that "the notice of right to sue was issued by the Equal Employment Opportunity commission."

4

> 3. As soon as practicable, but not later than August 2, 2019, Plaintiff shall supplement her Complaint with a statement clarifying whether she has received a Notice of her right to sue, and the date on which she received such Notice. In the alternative, she may provide the same information by filing an Amended Complaint using the form customarily used for pro se complaints filed under 42 U.S.C. §2000e-5(f)(1).

(Doc. 2, granting motion for leave to proceed *in forma pauperis* but instructing Plaintiff that no service of her complaint on the Defendant would be made in the absence of compliance with the instructions to amend or supplement that complaint).

Plaintiff complied with this Court's order by filing a supplement to her complaint on July 31, 2019. (*See* Doc. 4, construing Plaintiff's "Clarification on Exhaustion" as supplement to original complaint). Defendant, through counsel, filed an answer to the complaint on October 17, 2019 that asserted that plaintiff had failed to exhaust but did not at that time move to dismiss. The Court thereafter entered a scheduling order that directed the parties to file any motions directed to the pleadings no later than March 1, 2020. Both the discovery deadline and the dispositive motion deadline were recently extended to June 1, 2020. (*See* Doc. 15 and Minute Entry of 4/6/20). On March 13, 2020, five months after filing an answer and well beyond the deadline for filing motions directed to the pleadings, Defendant filed the instant motion to dismiss.

### III. Analysis

#### A. Defendant's Motion is Untimely

The Court's calendar order of December 11, 2019 allowed a generous amount of time for the parties to file any motions "relative to the pleadings," up to and including March 1, 2020. Defendant does not reference that deadline, and offers no explanation for its failure to earlier file the Rule 12(b)(6) motion. Notably, one of the arguments made by Defendant is that Plaintiff has failed to administratively exhaust – an issue first

5

identified by this Court on initial screening (prior to service on the Defendant) and included as a defense in the answer filed six months ago.

Rule 12(b) motions are typically made in lieu of an answer.  Indeed, Rule 12(b) specifies that "[a] motion asserting any of these defenses *must* be made *before* pleading if a responsive pleading is allowed." *Id.* (emphasis added).  However, if a party fails to file a motion under Rule 12(b) and instead files an answer, he or she may still file a motion after the pleadings are closed under Rule 12(c).  A Rule 12(c) motion should be filed "early enough not to delay trial." *Id.*  And unlike other defenses that may be waived under Rule 12(b)(1)-(5), a defense that asserts that a pleading fails to state a claim upon which relief can be granted is not subject to waiver.  *See generally,* Rule 12(c); Rule 12(h)(2).

A Court's scheduling order "may be modified only for good cause and with the judge's consent."  Rule 16(b)(4), Fed. R. Civ. P.; *see also Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).  Although discovery and dispositive motion deadlines were recently extended through June 1, the Court did not modify the original deadline for filing motions solely directed to the pleadings.  Arguably, Defendant's motion could (and likely should) be denied because it is untimely. *But see In re National Prescription Opiate Litigation*, 2020 WL 1875174, at *5 (6th Cir. 2020) (suggesting in dictum that a court should always adjudicate Rule 12(b) motions).  Notwithstanding the failure of Defendant to offer "good cause" for the otherwise untimely motion,[3] the undersigned will address the merits out of an abundance of caution based on the dictum in *In re National Prescription Opiate Litigation,* and by construing the motion under Rule 12(c).

---

[3]Though the country is currently in the midst of the coronavirus pandemic, which has disrupted some operations of this Court and caused delays in other civil and criminal proceedings, the deadline of March 1 to file any motion relative to the pleadings expired prior to the entry of Ohio's "stay at home" directive of March 23, 2020.

### B. Defendants other than the Postmaster are Improper

The caption of Plaintiff's complaint identifies her former employer, the Postmaster General, as the Defendant. However, within the body of the complaint, Plaintiff lists numerous individuals as additional defendants. Based on that reference, Defendant's motion seeks to dismiss any improperly identified individuals. (Doc. 20 at 2, n.1). As Defendant correctly observes, only Plaintiff's employer is properly named as a Defendant. *See Folley v. Henderson*, 175 F.Supp.2d 1007, 1011 (S.D. Ohio 2001) (Postmaster General is only proper defendant under Title VII). Plaintiff's response in opposition to dismissal does not argue otherwise.

Defendant's motion to dismiss additional parties will be denied, because no Defendant other than the Postmaster General has ever been served or has otherwise been properly identified. As stated, Plaintiff failed to identify any additional defendants as parties in the caption of her complaint. Thus, the referenced individuals included were never included by the Clerk of Court on the docket. There is no indication that Plaintiff has ever provided this Court with service documents or made any attempts to obtain service on any additional defendants, and her time for doing so has long expired. *See* Rule 4(m), Fed. R. Civ. P.

### C. Defendant's Failure to Substantively Argue Exhaustion

Defendant's motion to dismiss briefly asserts that Plaintiff's complaint should be dismissed "for failure to exhaust administrative remedies." Administrative exhaustion ordinarily is a precondition to suit under Title VII; as noted, this Court's pro se complaint form specifically instructs litigants to state the date of their Notice of the right to sue. *See Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998) (holding that Notice

7

of right to sue is a condition precedent to suit in federal court). Upon initial screening under 28 U.S.C. § 1915(e)(2), the undersigned directed Plaintiff to clarify whether she had received a Notice of her right to sue. Plaintiff responded by filing a construed Supplement to her complaint, and Defendant included a failure to exhaust as an affirmative defense in its answer.

Aside from the cursory reference in the pending motion, however, Defendant's memorandum contains no substantive argument concerning the issue of exhaustion. As Plaintiff points out in her response to Defendant's motion, her Supplemental Complaint (Doc. 4) contains both new allegations and accompanying exhibits that relate to the exhaustion issue. Specifically, Plaintiff alleges that on May 18, 2018, the EEO accepted three claims for review, which claims had been included in Plaintiff's April 16, 2018 EEO complaint. Plaintiff alleges that on September 5, 2018, the Defendant acknowledged an August 24, 2018 amendment to her EEO complaint to include two more claims. (Doc. 4 at 1; Doc. 26 at 2). On September 20, 2018, the Defendant acknowledged a further amendment to include a sixth claim: the Defendant's September 7, 2018 order to attend a pre-disciplinary interview. (*Id.* at 2). Plaintiff alleges that nine months later, on June 7, 2019, her non-attorney representative moved to further amend her EEO complaint to include the April 3, 2019 removal action. (*Id.*)

Although Plaintiff's supplemental complaint is silent concerning any Notice of her right to sue, Plaintiff cites to 29 C.F.R. § 1614.407 as her authority for filing this lawsuit. Under §1614.407(a), a complainant who files an EEO complaint may initiate a civil action in federal court under Title VII, the ADEA, or the Rehabilitation Act within 90 days of the receipt of the final agency decision if the employee does not first appeal to the EEOC.

However, subsection (b) of the regulation expressly provides that an individual complainant may initiate a federal lawsuit "[a]fter 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken." 29 C.F.R. § 1614.407(b). Stated differently, if the employee's complaint remains pending for more than 180 days, the employee can immediately file a civil action in federal court. *Id.*; *see also* 42 U.S.C. § 2000e-16(c).

Plaintiff alleges that no final action was ever taken on her administrative complaint, and that no Office of Federal Operations appeal has been taken. Notwithstanding her (presumed) lack of a Notice of a right to sue, she alleges that she has sufficiently exhausted most claims because the agency failed to issue a final decision within 180 days of the dates that she filed her EEO complaint in April 2018 and the date that she supplemented that complaint on August 24, 2018. As to the claim pertaining to her removal from employment, Plaintiff alleges in her Supplement:

> Admittedly 180 days have not elapsed on the removal claim for the purpose of exhausting administrative remedy. Therefore, the removal claim is filed before the US District Court prematurely. However, all other claims have met the requirement of exhausting administrative remedy.

(Doc. 4 at 2). In her response in opposition to dismissal, Plaintiff reiterates the same argument, insisting that she is permitted to proceed in this Court based upon the lapse of 180 days since the filing of her EEO complaint, as amended.

Defendant's motion to dismiss fails to address Plaintiff's allegations concerning exhaustion that she includes in her Supplemental Complaint. Defendant has not filed a reply memorandum, and fails to address Plaintiff's position that the lapse of 180 days without a final agency decision effectively exhausts Plaintiff's administrative remedies and

9

allows her to proceed under the cited authority.[4] The only argument that relates to exhaustion in Defendant's memorandum is contained in the final paragraph of the last page, where Defendant includes this summary of case law from the Third Circuit:

> [A] complaint does not state a claim upon which relief can be granted unless it satisfies the preconditions to suit. *Hornsby v. U.S. Postal Service*, 787 F.2d 87, 90 (3d Cir. 1976). A precondition, which if not satisfied, subjects a complaint to a motion to dismiss is failing to exhaust administrative remedies. *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997) (Non-exhaustion constitutes a possible ground for dismissal for failure to state a claim under [Rule] l2(b)(6).")[;] *Phillips v. Sheraton Soc'y Hill*, 163 F. App'x 93, 94 (3d Cir. 2005) (quoting *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 2000)).

(Doc. 20 at 9).

District courts within the Sixth Circuit Court of Appeals, as in the Third Circuit, ordinarily will dismiss a premature action for failure to exhaust administrative remedies where a plaintiff files suit prior to receiving the right to sue letter. *See Mitchell v. Chapman,* 343 F.3d 811, 821 and n. 10 (6th Cir. 2003). However, it is incumbent upon the moving party in a motion to dismiss to prove that the pleading is fatally deficient. Based upon the authority cited by Plaintiff and Defendant's failure to present any substantive argument, the undersigned declines to consider exhaustion further at this time. Still, given that Defendant asserted this affirmative defense in its answer and has superficially reasserted the defense in the pending motion, the undersigned denies the motion without prejudice. In short, Defendant *may* re-argue the exhaustion issue on summary judgment, but only if appropriately supported by facts and law under the Rule 56 standard of review. *See generally*, *Augustus v. Locke*, 699 F.Supp.2d 65, 69 (D.D.C.

---

[4]Although Defendant attaches as exhibits various pages of a Report of Investigation, Defendant does not refer to or attach a final agency decision.

2010) (analyzing failure to exhaust under summary judgment standard rather than motion to dismiss standard in order to consider evidence outside of the pleadings).

### D.  Premature Arguments that Plaintiff's Claims Fail on the Merits

In most of the substantive argument contained in the memorandum in support of dismissal, Defendant questions the factual underpinnings of the Complaint.  Urging this Court to do likewise, Defendant cites to select pages of the Report of Investigation in support of the contention that Plaintiff's claims have been investigated and found lacking on the merits.  (*See, e.g.* Doc. 20 at 4-6).  Even assuming the referenced investigative report is final, it remains within the discretion of this Court whether to accept it into evidence.  See *Williams v. Nashville Network,* 132 F.3d 1123, 1129 (6th Cir. 1997); *see also Heard v. Mueller Co.,* 464 F.2d 190, 194 (6th Cir. 1972).  However, at this stage, such a ruling would be premature.

As Plaintiff correctly points out in opposition to Defendant's motion, the exhibits might be considered if they were presented with a motion for summary judgment.[5] However, Defendant offers no authority for consideration of such evidence under Rule 12, where courts generally may not consider exhibits outside of the pleadings.  And, while the issue of administrative exhaustion often is resolved based upon the pleadings alone, that does not appear to be possible on the record presented.

Defendant's contention that Plaintiff fails to make out a disparate treatment claim does not rely on impermissible evidentiary exhibits.  Instead, Defendant argues only that

---

[5]Plaintiff also questions the Defendant's reference to her **2016** EEO complaint, in which Plaintiff asserted discrimination based upon events dating from 2015, shortly after Plaintiff began her employment.  Plaintiff asserts that "[n]one of the 2015 events are raised in this case." (Doc. 26 at 2).  The Court understands the present complaint to be limited in scope to the claims included in Plaintiff's 2018 EEO complaint.  Although the basis for Defendant's references to earlier events is not entirely clear, not all references to earlier events would be irrelevant because Plaintiff alleges retaliation based upon the 2016 EEO complaint.

11

Plaintiff has failed to include allegations concerning similarly situated individuals that are sufficient to state a prima facie case on that claim. (Doc. 20 at 7-8).  To establish a prima facie case of disparate treatment, a plaintiff must show that: 1) she is a member of a protected class; 2) an adverse employment action was taken against her; and 3) similarly situated employees outside of plaintiff's class were treated more favorably.  *See Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582, 583 (6th Cir. 1992); *see also generally*, *McDonnell Douglas v. Green* , 411 U.S. 792 (1973).  In opposition to Defendant's motion, Plaintiff suggests that she might yet discover evidence regarding similarly situated individuals during the ongoing discovery period.  (Doc. 26 at 3).

Although it may be fairly debated whether Plaintiff has alleged sufficient facts to support a plausible disparate treatment claim, the undersigned declines to grant Defendant's motion *at this time*.  Defendant argues that Plaintiff "does not allege anything close to making a *prima facie* case of disparate treatment."  (Doc. 20 at 8).  Yet, no less an authority than the Supreme Court has held that a plaintiff is not required to plead the *prima facie* elements of her employment claim in order to survive a motion to dismiss. See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 606, 515 (2002).

Of course, the court will look to the essential elements of a claim to decide whether plaintiff's complaint contains sufficient factual matter, accepted as true, to state a plausible claim, *see Iqbal*, 556 U.S. at 678.  In point of fact, this case was reviewed under *Iqbal* on initial screening.  It survived such screening in part because pro se complaints are to be construed liberally and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very

remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

At this juncture, discovery has been ongoing for months and is nearly complete. In addition, Plaintiff persuasively argues that, regardless of whether she has adequately alleged disparate treatment, her complaints about the same actions by her employer, viewed as retaliation claims, do not require the existence of any similarly situated individuals.

As with the exhaustion issue, the denial of Defendant's motion is without prejudice to Defendant's ability to renew its argument, if appropriately supported, on summary judgment.

### IV. Conclusion and Order

For the reasons stated, **IT IS ORDERED** that Defendant's Motion to Dismiss for failure to state a claim (Doc. 20) is **DENIED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge