UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ZEN SEIFU,                  Case No. 1:19-cv-572

    Plaintiff,                 Black, J.
                                Bowman, M.J.
    v.

POSTMASTER GENERAL,
US POSTAL SERVICE,

    Defendant

## ORDER

This action is before the Court on Plaintiff's motion to compel Defendant to produce additional discovery. (Doc. 29). Plaintiff's motion to compel discovery will be denied both on procedural grounds and on the merits.

Local Rule 37.1 provides that discovery related motions "shall not be filed in this Court" unless the parties and counsel have "exhausted among themselves all extrajudicial means for resolving the differences." S.D. Ohio Civ. R. 37.1. Federal Rule of Civil Procedure 37 contains a similar requirement that any motion to compel contain a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Plaintiff e-mailed Defendant on April 9, 2020 in order to seek supplemental responses to the document production and admissions requests. (Doc. 29-3). To her credit, it appears that Plaintiff made some effort to comply with the foregoing procedural prerequisite. However, Plaintiff did not fairly exhaust "all extrajudicial means for resolving the differences," in part because she only gave Defendant two days to supplement the

responses, and failed to identify with particularity what additional discovery she sought. *See generally*, S.D. Ohio Civ. R. 37.1. Plaintiff did not send any subsequent e-mails or correspondence to Defendant; instead, Plaintiff filed her motion to compel two weeks later, on April 23, 2020. Therefore, Plaintiff failed to comply with the strict procedural prerequisites prior to filing her motion to compel. Despite that procedural deficiency, the undersigned does not condone Defendant's apparent failure to reply to Plaintiff's e-mail.

Still, even if the undersigned were to overlook the procedural deficiency of the motion, Plaintiff's motion still would be denied on the merits. Although Plaintiff complains that Defendant has not provided all the discovery she seeks, Defendant's response to the motion verifies that Defendant produced all responsive discovery that exists in her possession or control. Defendant reasserts that objections to some of Plaintiff's requests were proper. Plaintiff failed to file any reply memorandum to contest Defendant's assertions. If Plaintiff believes any particular objection is improper, she must first identify that objection to the Defendant in her attempt to resolve the matter extrajudicially. If a dispute remains after additional extrajudicial attempts have been fully exhausted, Plaintiff may re-file a motion to compel that better articulates what specific discovery responses remain in dispute, the relevance of the requested discovery, and why she believes Defendant's objections lack merit.

Defendant seeks denial of the motion "with prejudice" on grounds that Plaintiff is seeking (in part) discovery on claims that have not been fully exhausted. However, Plaintiff recently filed an amended motion to expand her initial claims, which, if granted, will impact the scope of discovery.

For the reasons stated, **IT IS ORDERED THAT** Plaintiff's motion to compel additional discovery (Doc. 29) be **DENIED** without prejudice to re-file if discovery is expanded and/or if Plaintiff more fully complies with LR 37.1 and Rule 37, Fed. R. Civ. P. as outlined in this Order.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge