**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISON**

ZEN SEIFU

    Plaintiff,

v.

POSTMASTER GENERAL,
U.S. POSTAL SERVICE,

    Defendant.

Case No: 1:19-cv-572

Black, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

This action is now before the Court on Plaintiff's motion, as amended, to accept an EEOC removal action as an additional claim to be included in the above-captioned employment discrimination case. (Doc. 36).

**I.    Procedural Background**

Proceeding pro se and *in forma pauperis*, Plaintiff Zen Seifu initiated this action against her former employer, the U.S. Postal Service. In her complaint, Plaintiff alleges that her employer "engaged in unlawful employment discrimination by denying detail assignments, issuance of warning and 7-day suspension" and ultimately terminating her "based on Plaintiffs race, color, national origin, sex (Female), and based on her prior protected activity (i.e., her prior EEO complaint)." (Doc. 1). This Court initially ordered Plaintiff to supplement her complaint to identify the date she received a Notice of her right to sue. (Doc. 4). In her response and "clarification," construed as a supplement/amendment to her original complaint, Plaintiff maintained that she had administratively exhausted *most* of her claims, despite her lack of a formal Notice of a right to sue, based upon regulatory authority that permits a plaintiff to file suit after 180

days have expired without a final decision being issued. *See, generally*, 29 C.F.R. § 1614.407(a)-(d) and 42 U.S.C. § 2000e-16(c). However, she admitted that one claim - the removal claim – was not technically exhausted at the time she filed suit because 180 days had not yet elapsed from the date that Plaintiff had been permitted to add that claim to the charge pending before the EEOC charge. "Therefore, the removal claim is filed before the US District Court prematurely." (Doc. 4 at 2). On the basis of Plaintiff's initial representations concerning exhaustion, the Court concluded that Plaintiff had sufficiently pleaded exhaustion to survive initial screening on all claims. However, the Court stated that its determination "does not preclude defendant from filing a motion to dismiss based on any affirmative defense, including but not limited to issues of exhaustion." (Doc. 5). The court set a March 1, 2020 deadline for filing any such motion.

Defendant subsequently did move to dismiss; however, the Court denied the motion because the motion was untimely under the Court's Calendar Order and Defendant did not seek leave or offer any justification for its delay. In addition to being untimely, the Court explained that on the merits, the motion unnecessarily sought to dismiss non-parties, failed to address Plaintiff's position that the lapse of 180 days without a final agency decision effectively exhausted Plaintiff's administrative remedies under the cited regulation, and failed to include other substantive argument.

> Based upon the authority cited by Plaintiff and Defendant's failure to present any substantive argument, the undersigned declines to consider exhaustion further at this time. Still, given that Defendant asserted this affirmative defense in its answer and has superficially reasserted the defense in the pending motion, the undersigned denies the motion without prejudice. In short, <u>Defendant may re-argue the exhaustion issue on summary judgment, but only if appropriately supported by facts and law under the Rule 56 standard of review</u>.

(Doc. 31 at 10) (emphasis added).

On June 2, Plaintiff filed the pending motion "to accept EEOC removal action as Claim upon which Administrative Remedies has [sic] been exhausted." (Doc. 36).[1] As an exhibit to her motion, Plaintiff has included a copy of an EEOC Order dated August 28, 2019 by the presiding administrative law judge. The Administrative Order begins by reciting that the case came before the Administrative Judge based on the Agency's filing of a copy of this Court's order permitting Plaintiff to proceed on her complaint in this Court. (Doc. 36-1). The Order then states that the EEOC is dismissing its proceeding because "[t]he same matters alleged in the above-captioned 470-2019-00298X, Agency No. 1C-451-0034-18 are the basis of a case that is now pending before a United States District Court and at least 180 days have passed since the filing of the administrative complaint." (*Id.*)

As Plaintiff points out in her "motion to accept EEOC removal action," and as expressly acknowledged in Plaintiff's prior supplemental complaint, most – but not all - claims in Plaintiff's administrative complaint had been pending for more than 180 days at the time the EEOC dismissed its entire proceeding on the basis of the duplicate claims pending in this Court. It is true that Plaintiff's April 2018 administrative EEO complaint had been pending for more than 180 days, but Plaintiff had sought and obtained leave to amend that administrative complaint three times,[2] including (most recently) on June 9, 2019 to add the "removal claim." By referring to *all* claims as if they had been included in

---

[1] The referenced motion is an "amended" version of a motion filed on May 28, 2020. (Doc. 35). In Plaintiff's first attempt to electronically file the same motion, she mistakenly filed it as a "motion to quash." The error was subsequently modified and corrected by the docketing clerk to reflect the relief she seeks.
[2] On two prior dates in September 2018, Plaintiff successfully moved to amend her April 2018 EEO complaint.

3

the initial administrative complaint, the EEOC's dismissal order implicitly overstated the claims that had been pending for more than 180 days before the EEOC.

In combination with its response to Plaintiff's motion, Defendant filed a new "cross-motion to dismiss" Plaintiff's claims both for failure to exhaust and on grounds of untimeliness, citing Rule 12(b)(1) and (6). (Doc. 38).[3] Apparently recognizing that this successive motion to dismiss was likely to be denied as untimely and as filed without leave of Court, Defendant subsequently corrected and refiled the same document solely as a responsive memorandum, rather than as a cross-motion to dismiss.[4] On July 10 at 11:02 am and at 11:15 am, Plaintiff filed duplicate replies in support of her motion. (Docs. 40, 41).

On August 3, 2020, Defendant timely filed a motion for summary judgment on all claims. (Doc. 46). On August 11, 2020, the Court granted Plaintiff's motion to extend discovery until October 30, 2020, and correspondingly extended the dispositive motion deadline to November 20, 2020. (Doc. 51). The Court's Order stated that Defendant "may amend its motion for summary judgment" by the November 20 deadline "[i]f desired." (*Id.*)

At present, two motions are pending: (1) Plaintiff's motion "to accept EEOC Removal Action as Claim," as amended and (2) Defendant's motion for summary judgment. For the reasons explained, Plaintiff's motion to accept the EEOC removal action as exhausted is **GRANTED**. In addition, Defendant's current motion for summary

---

[3]Although this Court's review of a Rule 12 motion to dismiss ordinarily is restricted to the pleadings, the Defendant's "cross-motion to dismiss" included nearly 400 pages of exhibits.
[4]Notwithstanding the correction to the caption, the body of the document and exhibits are identical and continue to refer to Rule 12(b)(1) and (6). (*see* Doc. 39 at 9, PageID 634).

4

judgment will be **DENIED** without prejudice to renew on all asserted grounds on or before the new summary judgment deadline.

## II. Analysis

### A. Plaintiff's Motion

Procedurally, Plaintiff's pro se motion is difficult to characterize. If she is seeking to amend her complaint to include the "removal action," the motion could be denied as moot. On initial screening under 28 U.S.C. § 1915(e), this Court permitted all claims (including the removal claim) to proceed as part of this federal case after Plaintiff amended/supplemented her complaint to explain her theory of exhaustion for each of her claims. (*See* Docs. 4 and 5).[5] Therefore, the removal action is not an "additional claim" but is already part of this case.

In some sense, however, Plaintiff's motion is akin to a motion for partial summary judgment insofar as Plaintiff seeks a final legal determination of whether she has sufficiently exhausted her "removal action" claim before the EEOC. Exhaustion is an affirmative defense that Defendant has pleaded in its answer. Defendant's prior motion to dismiss was denied, but the Court expressly permitted Defendant to re-argue any and all issues, including exhaustion, in a motion for summary judgment. Despite the odd procedural posture of Plaintiff's motion seeking a final ruling on an affirmative defense that is not addressed by Defendant's current motion for summary judgment[6] and the

---

[5]The Court expressly acknowledged that the supplemental complaint "suggested that plaintiff may not yet have fully exhausted her administrative remedies" (at least for the removal claim) based on Plaintiff's statement that her motion to amend her EEO proceeding remained pending at the time she initiated her federal suit. However, the undersigned directed service on the Defendant and permitted all claims to proceed on the basis that exhaustion is not jurisdictional, but is an affirmative defense that could be raised by Defendant in a future motion to dismiss. (*See* Doc. 5 at 2).

[6]Defendant's pending motion does not raise any exhaustion issues pertaining to the removal claim. Instead, the motion incorporates a fraction of the arguments contained in its response in opposition to Plaintiff's

Court's reluctance to decide issues in piecemeal fashion, the Court recognizes that the discrete issue of whether Plaintiff's "removal claim" is exhausted has been fully briefed through Plaintiff's motion. Therefore, rather than requiring the parties to re-brief the same issue at some later date, the Court will now address this singular issue.

Plaintiff explains that even though the removal action had not been pending before the EEOC for the requisite 180 days on the date that she initiated this federal action, the passage of time has resulted in the lapse of the 180 day prerequisite time period for pursuing claims in this Court. In fact, the case before the Administrative Judge now has been fully dismissed based upon the duplicate proceedings in this Court. Thus, no agency decision will be issued on either the removal claim or on any other claims included in Plaintiff's 2018 EEO complaint, as amended. Therefore, pursuant to 29 C.F.R. § 1614.407(b), Plaintiff asks this Court to hold that the "removal claim" has been administratively exhausted.

In its response in opposition to Plaintiff's motion, Defendant objects to the proclaimed exhaustion of the removal claim, protesting that Plaintiff has attempted a procedural "end run" around the requirement of administrative exhaustion by initiating this federal action *before* adding the removal claim to her pending EEOC complaint. At the same time, Defendant concedes that the 180-day period for the removal claim, as calculated under the cited regulation, passed on February 20, 2020.[7]

---

motion. Specifically, Defendant incorporates arguments that pertain to Plaintiff's 2018 "assault claim." (*See* Doc. 46 at 11).

[7] Defendant's response in opposition also urges this Court to spontaneously dismiss any claims against acting plant manager Andrew Glancy as unexhausted on the grounds that Glancy was not a party to the 2018 EEO proceeding. As this Court stated in its April 30 Order, a motion to dismiss additional parties is unnecessary "because no Defendant other than the Postmaster General has ever been served or has otherwise been properly identified." (Doc 31 at 7). Defendant does not appear to have incorporated the same argument into its motion for summary judgment.

On the record presented, the undersigned finds the discrete "removal claim" to be exhausted. Plaintiff moved to amend her EEOC complaint to include the removal claim on June 6, 2019, and revised her motion to amend her administrative proceeding on June 7, 2019, more than a month before initiating this federal action on July 12, 2019. (Doc. 40 Ex. A). It is true that the Administrative Judge did not grant Plaintiff's motion to amend to add the removal claim to the 2018 EEOC proceeding until August 22, 2019, but the timing of the Administrative Judge's ruling is not attributable to Plaintiff.

Because the entire 2018 EEOC proceeding has been dismissed by the EEOC as a duplicate proceeding, no agency decision will be issued on any of the claims included in that proceeding, including the removal claim. This Court has held that a premature filing of an amended charge, like the one here, generally will not defeat a plaintiff's claim. *Kohn v. GTE North, Inc.*, 754 F. Supp. 563, 570 (S.D. Ohio 1990). Just as a plaintiff's receipt of a Notice of Right to Sue is considered to cure any procedural defect caused by premature filing, the ripening of her removal claim through the passage of time and subsequent dismissal Order is deemed to have the same effect. *See* also, *Kelly v. First Data Corp.*, No. 1:19-cv-372, 2020 WL 419440 at *16, 2020 U.S. Dist. LEXIS 13239 (S.D. Ohio Jan. 27, 2020).

### B. Additional Arguments in Defendant's Response

Defendant extensively discusses Plaintiff's "assault claim" in its opposition to Plaintiff's motion to include the "removal claim" for reasons that are not entirely clear, since that claim is not the subject of Plaintiff's pending motion. In any event, Defendant invites this Court to dismiss the "assault claim" because it is "untimely," based upon "collateral estoppel" and for "failure to exhaust." (*See, e.g.*, Doc. 39 at 9). Defendant

7

amended its response to clarify that its response is not itself a second motion to dismiss, presumably recognizing that the Court's Order of April 30, 2020 held that a prior motion to dismiss was untimely. (Doc. 31). The Court declines to address at this time any arguments that do not pertain to the issue of whether Plaintiff's "removal claim" is exhausted.

### C. Defendant's Motion for Summary Judgment

The April 30 Order expressly permitted Defendant to raise any new arguments, including the issue of exhaustion if appropriate, in a future motion for summary judgment. Defendant has not challenged exhaustion in its recently filed motion for summary judgment, other than to incorporate arguments presented in its "response" that relate to Plaintiff's "assault claim." (*See* Doc. 46, incorporating portions of Doc. 39).

In its Order recently extending the summary judgment deadline, the Court stated that Defendant "**may** amend" its August 3, 2020 motion for summary judgment. (Doc. 51, emphasis added). Defendant is not a pro se litigant whose procedurally irregular or fragmented arguments may invite more liberality. Having realized at this juncture that Defendant's pending motion already requires the Court to review (at a minimum) five different memoranda or portions thereof, the Court will deny Defendant's motion in the interest of judicial economy, without prejudice to renew all appropriately supported arguments in a *single* motion to be filed on or before the new summary judgment deadline.[8]

---

[8] Even without further amendment, the Court would be required to review the August 3 motion, Plaintiff's future response and Defendant's future reply in support of that motion, plus portions of Doc. 39 and portions of Plaintiff's response to what Plaintiff believed to be a cross-motion to dismiss the assault claim. (See Doc. 41 at 4-5 and 7-8).

8

### III. Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT**:

1. Plaintiff's amended motion (Doc. 36) is **GRANTED**, as construed as seeking a partial dispositive ruling on the issue of exhaustion for Plaintiff's "removal claim";

2. Plaintiff's prior motion for the same relief (Doc. 35) is **DENIED AS MOOT;**

3. Defendant's motion for summary judgment (Doc. 46) is **DENIED without prejudice to renew**, with all arguments to be presented in a single motion to be filed on or before November 20, 2020.

<u>*s/Stephanie K. Bowman*</u>
Stephanie K. Bowman
United States Magistrate Judge