**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISON**

ZEN SEIFU

        Plaintiff,

        v.

POSTMASTER GENERAL,
U.S. POSTAL SERVICE,

        Defendant.

Case No: 1:19-cv-572

Bowman, M.J.

**MEMORANDUM ORDER**

I.    **Background**

Proceeding pro se and (ostensibly) *in forma pauperis*, Plaintiff Zen Seifu initiated this action against her employer, the U.S. Postal Service, alleging various forms of unlawful employment discrimination.  Although there are indications in the record that Plaintiff has had at least the informal assistance of counsel, no attorney has entered an appearance on her behalf in this case.[1] By separate Memorandum Opinion and Order filed this day, the Court has granted summary judgment to Defendant on all remaining claims in this case.  This Order addresses two pending motions to quash by a non-party, Elite Reporting Agency, LLC ("Elite"), as well as a procedurally improper "amended complaint."

---

[1]Plaintiff retained counsel, Edward J. Felson, for two prior EEO proceedings.  Attorney Felson claimed to be appearing on Plaintiff's behalf at her deposition in this case, (*see* Doc. 45 at 62, stating he was entering his appearance "[f]or the purpose of this deposition"), notwithstanding that no formal Notice of Appearance has ever been filed of record.  Attorney representation without being admitted of record is specifically **prohibited** by Local Rule 83.3(e). Plaintiff also testified that she did not prepare the complaint alone but "received assistance from an attorney, an attorney friend."  (Doc. 45 at 51).

## II.    Analysis

### A.  Motions to Quash Improper Subpoenas (Docs. 84, 86)

On May 6, 2021, non-party Elite Reporting Agency, LLC ("Elite") filed a motion to quash a subpoena issued by Plaintiff on grounds that the subpoena was procedurally defective and demanded proprietary work product.  (Doc. 84).  In telephonic conference held on May 10, 2021, the Court directed Plaintiff to file a response to the motion if desired.  In addition to filing a response, (Doc. 87), Plaintiff attempted to serve a second subpoena, which subpoena Elite also has moved to quash.  (Doc. 86).

Both of Elite's motions will be granted for the reasons stated in Elite's memoranda accompanying those motions, as well as in Elite's reply memorandum.  (*See* Docs. 84, 86, 94).  In her response in opposition to Elite's first motion, Plaintiff concedes that she "inadvertently issued a defective subpoena."  (Doc. 87 at 1).  The procedural deficiencies of that subpoena alone are sufficient to quash it, although the same subpoena is also substantively improper.  Plaintiff's second subpoena is also improper for the procedural and substantive reasons set forth by Defendant.  (*See generally*, Docs. 86, 94).  As noted by Defendant, despite Plaintiff's lengthy protestations that Elite conspired with the Defendant and committed fraud on the Court, fraud on the Plaintiff, fraud on Ohio's Ethiopian and Eritrean communities, trespass, treason, criminal interference with interstate commerce, extortion, intentionally botched Plaintiff's depositions, violated Plaintiff's Constitutional rights, legal rights and human rights, Plaintiff has failed to address the civil rules and case law that foreclose her improper subpoena.[2]

---

[2]Plaintiff concedes that if the Court reporting service had followed "proper procedure," then it "may be justified to reserve their right to produce Plaintiff's unedited remote deposition" as proprietary information. (Doc. 88 at 12).  It is clear, however, that it was Plaintiff who failed to follow procedures required to secure

Elite requests reimbursement of its expenses, totaling $1700 for 5 hours of attorney time at $340 per hour, based upon the fact that it was forced to file and brief a second motion to quash concerning the improper subpoena.  The Court is not without sympathy for the significant burden that Plaintiff has caused Elite, a non-party, to bear in this case.  At the same time, the Court recognizes that Plaintiff has been granted pauper status and, despite there being serious deficiencies in the second subpoena, appears to have filed the second subpoena in good faith.

### B.  Improperly filed Amended Complaint

Plaintiff filed an "Amended Complaint" on June 1, 2021, the same day that Defendant filed its motion for summary judgment on all remaining claims. (Doc. 93). The Amended Complaint purports to add new claims for hostile work environment/sexual harassment as well as a claim of disability.  The Amended Complaint is wholly improper. Plaintiff's deadline to amend expired on February 1, 2020.  (Docs. 11, 12).  No amended pleading can be filed more than a year beyond the Court's deadline without an accompanying motion.  *See* Rules 15 and 16, Fed. R. Civ. P.  But even if Plaintiff had included the requisite motion, this Court would not permit the amendment because Plaintiff offers no just cause for the untimely amendment and such amendment would be overly prejudicial to the Defendant.  Therefore, the procedurally improper "Amended Complaint" will be stricken from the record.

---

an audio-visual recording of the subject deposition. (See Doc. 94-1, Affidavit of Elite office manager, Cindy Morè).

### III.    Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT:**

1.  Elite's motions to quash two improperly issued subpoenas (Docs. 84, 86) are

    **GRANTED**;

2.  Plaintiff's improperly filed "amended complaint" (Doc. 93) is hereby **STRICKEN**

    from the record.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge
